# H. DE H. CASTLE, Plff.,

### *v.*

# ENRIQUE ZORILLA, Dft.

San Juan, Law, No. 1070.

INSTRUCTIONS TO THE JURY.

Evidence—Burden of Proof.

1. In an action for damages the burden is on the plaintiff to prove his case by a preponderance of the evidence.

Compensatory Damages.

2. In a case where an automobile is damaged by another, the law allows only compensatory damages.

Automobile Driver—License.

3. The fact that a driver of an automobile at the time of the accident did not have a license to drive an automobile is immaterial.

"Carretera" or Public Road—Right of Way—Limitation on Speed.

4. A traveler on the "carretera," or public road, has the right of way over a person coming out of a private drive, but he must use his right in a reasonable manner, and not at a dangerous rate of speed.

Negligence—Unavoidable Accident.

5. Where an accident occurs through the fault of neither party, there can be no recovery.

Negligence—Doctrine of "Last Clear Chance."

6. Where both parties are at fault, but one of them could have avoided the accident by the exercise of reasonable diligence and did

---

NOTE.—As to effect on civil liability for injury of failure to procure license for automobiles, see cases in notes in 35 L.R.A. (N.S.) 699; 41 L.R.A. (N.S.) 308; and L.R.A.1915D, 628.

For a review of the authorities on all phases of the law as to automobiles, see note in 1 L.R.A. (N.S.)' 215.

not do so, he would be liable under the doctrine of the "last clear chance."

Opinion filed December 4, 1915.

---

*Messrs. Scoville & Kelley* for plaintiff.

*Mr. Mott* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. Gentlemen of the jury: After the evidence and the argument of counsel it becomes the duty of the court, as you know, to give you instructions as to the law of the case. The general provisions that apply to all cases I will not repeat. You know, of course, the plaintiff, that is, in this case, Mr. Castle, must prove his case. It is, to use a vulgar expression, up to him to prove that he has been damaged by the defendant Zorilla, and, if the evidence should leave you in doubt upon the subject; that is to say, if you do not find any preponderance of evidence one way or the other, you would have to find for the defendant, because the plaintiff must prove his case to your satisfaction by a preponderance of the evidence. The contradictions of witnesses you know how to handle. People do not often, I think, under the sanction of an oath, deliberately lie. They are frequently, however, mistaken, and it is for you to say how much of a witness's testimony you will believe when you find that he has been mistaken; but you can very often pick out elements of the case from the testimony of a witness who other-

Castle v. Zorilla.

wise you do not think has been quite accurate. These general propositions I will not discuss. They are familiar to you.

2. This particular case has its peculiarities. It is a suit by plaintiff Castle against the defendant Zorilla, wherein the plaintiff claims that he was the owner of a certain automobile, a National racer, and that some time, I think, in March last, the plaintiff's chauffeur was taking this auto across the carretera between Manati and Bayamon or Vega Baja to the plaintiff's garage, which was on the other side of the carretera. The plaintiff had a perfect right to have his garage on the opposite side of the road, and had a perfect right to have his auto taken there, of course. There is no question about that, and, in fact, the only difficulty in this case is the conflict of rights. The defendant Zorilla also had a perfect right to use the carretera, to use it at any reasonable rate of speed. There has been nothing put in evidence as to any legal rate of speed through the country there, and Zorilla or anybody else had the right to use that carretera at that point, that is, at any rate of speed which would not endanger others. No man has a right to do anything that will endanger others. That is a principle of common morality as well as law,—that we must use our rights so as not to conflict any more than is needful with the rights of others. It is a point, in this case, of some difficulty. It is for you to solve, and not for me, which of these gentlemen used his rights in a proper way. Or, to put it the other way, did either of them use his rights in such a way as to endanger the rights of the other man? We will proceed to take that up, remembering that the burden is on the plaintiff to prove his case by a preponderance of the evidence.

There are two elements here. The first is, who is liable?

And the other is, supposing the defendant is liable, what is the amount of damage? The amount of damage I will simply advert to. There are several witnesses in the case claiming to be experts as to the amount of damage to this auto. It apparently was damaged. One witness said that it amounted to $75 or $100; that he could put everything back in good order for that. The other puts it much higher, as I recollect it, $700 or $800, and $200 for labor, and then depreciation for the machine on account of the accident. The claim is $1,200. You could not in any event go beyond that, whatever the damage to the machine, not exceeding the $1,200 claimed in the complaint. I will not spend any further time upon that. Of course you understand that in any event the law simply is compensatory. It is to replace what was the damage done, not with the idea of punishing anybody, in this particular case. Of course the amount of damage does not come up, except after the question of liability.

This suit is brought, as so many are brought in this court, under the Porto Rican Civil Code, § 1803. Where damage is caused by the negligence of another, the party who causes the damage must make it good. That is the general rule of law. Now as to negligence in this case. Here is a case of a chauffeur bringing out an automobile from its owner's yard and taking it over to a garage. That, I said, he had a perfect right to do. And, on the other hand, here was a gentleman coming along in his auto on the public carretera, as he had a perfect right to do. The question as to which was to blame for the accident that happened will be for you. The fact seems to be that the plaintiff's auto emerged from this private road upon the highway, and that there was a collision. The other car, the defend-

Castle v. Zorilla.

ant's car, did, however, confessedly, do the damage. I do not think there is any question that the damage was done by the defendant's car. The defendant's car struck the plaintiff's car and pushed it over, or they went together over, to the other side of the road, and between the direct impact and a counter impact of hitting a post or something on the other side of the road, there was the damage done which is not disputed in this case. Those facts I do not think are disputed. The question is, who is to blame for that? And it is a question not without difficulty, as I think you will find when you come to talk it over. But still it is for you to solve.

3. In the first place, to get it out of the way, the fact that the defendant did not have a license has nothing to do with this case. It might very well be that some municipal authority could have arrested him and fined him for going without a license; I do not know. That is not, however, before you at all. If he had just landed on the Island and was conducting himself properly on the high road with his automobile, he would not be liable in this case simply because he did not have a license. So do not let that come into your mind in one way or another. The question is not one of a license but of negligence.

4. I charge you that a man who is going along a carretera in this Island has the right of way. It is a public road designed for traffic, and has not any other purpose at all. He has, under ordinary circumstances, the right of way, that is to say, he has the right to go along it. There is, of course, this limitation,— that he must not go along it at such a rate of speed as to make it dangerous; that he must not use the carretera as a race track. It is not meant for that. People have a right to live along the

Castle v. Zorilla.

carretera. There would not be any carretera if they did not have that right. The people would not live in the country if they did not have autos, so the people living along the carretera have their rights, too; but I charge you that it is a right secondary or subordinate to that of the people driving along the carretera. You cannot expect people using the carretera to stop every time that they come to a place of ingress or egress of a private house. There would not be much use of having a highway under those conditions. It' would be reducing them all to the same level. But the person using the highway must do so in a reasonable manner; and that would mean that he must use it in such a way that if a person, who has a right to come out, does come out, his speed will not be such that he cannot stop his vehicle, or get· out of the way, or avoid a collision. The duty is on both sides,—both the man who is on the carretera, and the man who wants to get on the carretera. The other man coming out of his private roadway with his auto has a duty not to rush out on the carretera in such a way that he will run into somebody or somebody will run into him. It is pretty nearly analogous to the old familiar sign,—I think we have it on the railroads here. You have seen the sign: "Stop, look, and listen," or the equivalent in Spanish. It is almost equivalent to that.—A person going upon a highway that is used in both directions is bound to do very nearly the equivalent of that, to stop, look, and listen,—to satisfy himself in some way that there is no special danger in coming out at that point.

5. In this case there may not have been any negligence at all. There are some accidents, you know, that are unavoidable. I reckon every member of this jury has run into somebody on the sidewalk, perhaps in such a way, that seemed unavoidable,

that nobody was to blame. That is possible in this case, that it was unavoidable; that neither side could have known the danger, and neither side could have guarded against the danger when it did not know it. That is possible. I do not say that it is so. If it was not unavoidable, though, there must have been negligence on the part of one or both of them.

6. Now I want to take up what will be the law as to these different phases. If there was negligence on the part of the defendant, that is, negligence which tended to this result, negligence which caused this accident,—if it was some negligence which had nothing to do with the accident, it makes no difference whatever,—but if the defendant Zorilla was coming along at such a rate of speed that he could not stop his car or could not swerve to one side far enough to avoid the danger, or anything else that put him at fault, he would be liable for this accident. But this is to be taken into account. If the plaintiff was also negligent, that is to say, the plaintiff's chauffeur was also negligent, at the same time, the two negligences would cross each other out, and the plaintiff could not recover. In other words, if there was a joint negligence,—I had better express it that way,—if each side was negligent, and it happened that there was this joint negligence at the same time, then the plaintiff cannot recover, just as the defendant could not recover if he had sued. But if the plaintiff was negligent in going out,— and here is an important exception,—when I say plaintiff, of course I mean the chauffeur of the plaintiff,—if the plaintiff's car was negligent in going out, that itself would not give Zorilla the right to run into him. If the plaintiff's chauffeur was negligent in going out, and Zorilla, after that act, could have avoided the accident in any way by going to one side, or

VIII. Porto Rico—32.

stopping, or running up into the plaintiff's entrance, or any other way whatever; the law will exact what is called the last clear chance, and the defendant would be liable in that case. In other words, the negligence of the plaintiff is not the only thing in the case. He might have been negligent, and if, nevertheless, the defendant could, after he saw that negligence, have by reasonable exercise of diligence avoided the accident, the plaintiff could recover. You see that is a different thing from what I have just discussed. If the negligence of both occurred at the same time, that would be a different proposition.

I think that covers the main issues in the case. I will proceed to give you some charges which have been asked, and which you are to take in connection with this main charge.

The jury is instructed that even if it believes that the plaintiff's chauffeur was negligent, if the defendant Zorilla was also negligent, but that the latter could have stopped his automobile and did not before it struck the plaintiff's car, then this failure of the defendant was the proximate cause of the accident, and he is liable under the doctrine of last clear chance.

If the jury believes from the evidence that the chauffeur of the plaintiff's automobile, in attempting to cross the highway at the time that defendant's automobile was approaching the intended place of crossing, did not act as an ordinarily prudent man would or should have done, then he was guilty of negligence and the plaintiff cannot recover, taken in connection with the other things which I have stated.

The others are practically embraced in those which I have given.

Are there any exceptions?

Mr. Mott: Yes, sir; I would like to except to that part

of the charge which says, if Zorilla came along at such a rate of speed that he could not stop his car so as to avoid a collision, he would be liable. I object to that unless provision is made in the charge for the circumstance where the discovery of the danger is so quick that he would not, even if going at a reasonable rate of speed, have had time to stop.

The court: I will allow an exception to that.

Mr. Mott: I will ask the court to add to that instruction that that would be true if the discovery of the danger was in time to permit him to stop if running at a reasonable rate of speed.

The Court: Yes.

Mr. Scoville: I desire to except to that part of your Honor's charge in which you stated that the person entering upon the highway to cross it is subordinate in his rights to those of a person driving along the highway.

The Court: I will give you an exception to that.

Mr. Scoville: And also to that part of the charge which stated in effect that the duty of the person entering upon the highway was almost equivalent to that of a person to stop, look, and listen when crossing a railway grade crossing.

The Court: Just one more word before you go. What I have instructed you, of course, is to be considered in connection with all the circumstances of the case. I do not mean to pick out any particular thing. Now, for instance, the charges which I have given you are dependent upon all the circumstances of this case. You must take into account that this entrance was or was not obstructed by trees. That might apply on either side, as to whether the chauffeur going out or the man on the carretera could see. I simply call that to your

attention, to show that there are many things which you must take into account.

And in speaking of a person being bound to take care in going out of a private roadway such as this, what I intended to say was that it is not just the same as crossing a railroad track. In the first place, it is much more dangerous in crossing a railroad track, and, in the second place, the nature of the place is different. I simply meant to say that it is analogous to that. That a person going out must be careful that he has a clear track. He must not run right out. That the right of way, under the circumstances I have given you, is with the man who is on the carretera going backwards and forwards.

You will now retire and, of course, select your foreman and find a verdict one way or the other. If it is for the plaintiff, it will be: We, the jury, find for the plaintiff, and assess his damages at so much. And if you find for the defendant, it will be: We, the jury, find for the defendant.